UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. PARKER, et al.,<br><br>    Defendants. | CAUSE NO. 3:19-CV-1201-JD-MGG |

OPINION AND ORDER

Joshua Taylor, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Taylor's complaint is somewhat difficult to parse, but it can be discerned that he is complaining about events occurring on August 10, 2017, at Miami Correctional Facility.[1] He claims that on that date he was in the medical unit receiving a breathing treatment for his asthma. Nurse Abby Simpkins became upset that Taylor was talking to another inmate during his treatment and told him to leave. As he was going back to

---

[1] The court notes that this complaint was electronically filed by prison staff on December 26, 2019. (ECF 1.) That would be more than two years after the incident giving rise to the complaint, thus triggering a concern about the statute of limitations. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (holding that suits under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years). However, Taylor attests that that he gave the complaint to prison staff for filing on July 21, 2019, which would be within the two-year statute of limitations. (ECF 1 at 5.) This five-month delay certainly seems unusual, but because it is not clear from the face of the complaint that it is untimely, dismissal at the pleading stage on this ground is not appropriate. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

his cell, he encountered Sergeant Parker (first name unknown). They got into a verbal altercation, and Sergeant Parker accused Taylor of using racial slurs against him. Sergeant Parker then shook his can of pepper spray and threatened to use it on Taylor. At that point, Officer Michael Witham arrived to assist Sergeant Parker. They put handcuffs on him and escorted him back to his cell. When they got to the cell door, instead of releasing the handcuffs, Taylor claims the officers held his hands against the door and put all their weight on them. They continued to put weight on Taylor's hands until Taylor's cellmate said, "[T]hat's enough." The two guards then took of the handcuffs and left. He claims this incident caused some type of injury to his hands, for which he needed physical therapy. Based on these events, he sues Sergeant Parker, Officer Witham, and Nurse Simpkins, seeking monetary damages.

The "core requirement" for an Eighth Amendment excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Taylor the inferences to which he is entitled at this stage, he alleges that the officers intentionally crushed his hands against the cell door in a gratuitous use of force, causing him pain and injury. Although further factual development may show that the use of force was not unreasonable under the circumstances, Taylor alleges enough to proceed past the pleading stage against these defendants.

As for Nurse Simpkins, her only alleged involvement in these events was to tell Taylor to leave the medical unit during his breathing treatment. Although inmates are entitled to adequate medical care, a one-time interruption of his regular breathing treatments is not the kind of severe deprivation that would give rise to an Eighth Amendment violation. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). There is no indication from the complaint that this incident impaired Taylor's health or caused any lasting damage. Nor is there any basis in the complaint to infer deliberate indifference to a serious medical need by Nurse Simpkins. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). She will be dismissed as a defendant.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Parker and Officer Michael Witham in their personal capacities on a claim for monetary damages under the Eighth Amendment for using excessive force against him on August 10, 2017;

(2) DISMISSES all other claims;

(3) DISMISSES Abby Simpkins as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant Parker and Officer Michael Witham, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last

employment date, work location, and last known home address of any defendant who does not waive service;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Parker and Officer Michael Witham to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 29, 2020

                                          /s/JON E. DEGUILIO
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT